NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM SHAREEF** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **CHRYSLER CAPITAL** | : | NO. 21-3858 |

## MEMORANDUM

**Savage, J.**                                                                        April 7, 2022

Plaintiff Kareem Shareef, proceeding *pro se*, asserts claims against Chrysler Capital, alleging violations of the Fair Credit Reporting Act (FCRA) and the Truth in Lending Act (TILA). For the following reasons, we shall grant Shareef leave to proceed *in forma pauperis* and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Background[1]

On April 15, 2014, Kareem Shareef purchased a used 2008 Dodge Avenger.[2] The contract for the sale lists him as the Co-Buyer, Mary A. Davis as the Buyer, and Foulke Management Corp as the Seller-Creditor.[3]

The contract includes the following disclosures: annual percentage rate of 27.28 %, finance charge of $10,144.28, amount financed of $11,756.92, total payments of $ 21,901.20, and total sales price of $23,901.20, including a $2,000.00 down payment.[4] The document also discloses that 60 payments in the amount of $365.02 each will be due

---

[1] The allegations set forth in this Memorandum are taken from Shareef's complaint and the attachments thereto. The Court adopts the pagination assigned to the complaint by the CM/ECF docketing system.

[2] Compl. at 5 (ECF No. 1).

[3] *Id.* at 6.

[4] *Id.*

monthly beginning on May 30, 2014.[5]  A section of the document sets forth an itemization of the amount financed, and the document includes a provision titled "NO COOLING OFF PERIOD."[6]  That document discloses that "the [s]eller may assign th[e] contract and retain its right to receive a part of the [f]inance [c]harge."[7]

After the transaction, on December 15, 2017, Shareef's account was sold to Deville Asset Management, LTD.[8]  It was later acquired by Velocity Investments LLC on September 28, 2020.[9]

In a letter dated August 3, 2021, Chrysler advised Shareef that it was no longer servicing the account and that it had reported his account as "Sold/Closed, and Charged-Off with a zero balance" on April 30, 2021.[10] Chrysler further noted that the account had been "charged off on February 28, 2017, after going over 120 days past due."[11]  It explained that once an account has been reported as charged off, it remains on his credit report until the FCRA statute of limitations expires.[12]

Shareef commenced this civil action against Chrysler in the United States District Court for the Middle District of Pennsylvania on August 24, 2021.[13]  He completed a form complaint indicating that he intends to pursue a claim under "U.S Code Title 15 Chap[t]er

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 5.

[9] *Id.*

[10] *Id.* at 4–5.

[11] *Id.* at 4.

[12] *Id.*

[13] *Id.* at 1.

41."[14] He did not complete the "Statement of Claim" section but indicated that he is seeking "monetary relief for damages and stress" and that he wants "this" removed from his credit report.[15]  The action was subsequently transferred to this Court.

### Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which means the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "[M]ere conclusory statements do not suffice."  *Id*. (citing *Twombly,* 550 U.S. at 555).  Because Shareef is proceeding *pro se*, we construe his allegations liberally.  *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted).

### Discussion

Shareef asserts that Chrysler has violated both the FCRA and TILA in connection with the April 15, 2014 consumer credit transaction.  More specifically, with respect to TILA, Shareef avers that Chrysler violated "15 USC 1605(a)" by requiring him to make a down payment of $2,000, which was not included in the finance charge, and by failing to include the following amounts in the total finance charge: the power train fee of $1016.00, the documentary fee of $299.00, and the $196.60 "government certification of title fee."[16]  Shareef further asserts that Chrysler violated "15 USC 1605(c)" by stating that it was not

---

[14] *Id.* at 1-2

[15] *Id.*

[16] *Id.* at 3.

3

required to provide him with insurance and "15 USC 1635(a)" by failing to disclose his right of recission.[17] He contends that Chrysler should be held criminally liable under "15 USC 1611."[18] He seeks an award of $20,288.56, which represents twice the amount of the finance charge.[19]

With respect to the FCRA, Shareef asserts that he "did not give written instruction for Chrysler Capital to furnish anything on [his] consumer report pursuant to 15 USC 1681b(2)."[20] Shareef further avers that his "social security card is in fact a credit card," and although Chrysler "sold the charged-off debt to a third party debt collector," it is still liable for fraud under the TILA and FCRA.[21]

### TILA Claim

The Truth in Lending Act aims to ensure meaningful disclosure of credit terms and to protect consumers from inaccurate and unfair credit billing practices. 15 U.S.C. § 1601(a). The TILA requires lenders to disclose the cost of credit to borrowers as a dollar amount. This is done by disclosing, among other things, the amount financed, the finance charge, the annual percentage rate, and the total sale price. 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18. The "amount financed" and the "finance charge" together constitute the "total of payments." 15 U.S.C. § 1638(a)(5). The "finance charge" is the sum of all charges, minus certain exclusions, payable by the borrower and imposed by the creditor incident to the extension of credit. 15 U.S.C. § 1605(a).

---

[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*

Most TILA claims must be brought within one year of the alleged violation, although some may be brought within three years. See 15 U.S.C. § 1640(e).[22] A statute of limitations defense may be raised where the expiration of the limitations period appears on the face of the complaint. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citation omitted); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (citations omitted). A court may dismiss a complaint for failure to state a claim based on the statute of limitations when it is clear from the face of the complaint that it is time-barred. *See Wisniewski*, 857 F.3d at 157 (citation omitted).

According to his complaint, Shareef entered into a retail installment sale contract with Foulke on April 15, 2014 in connection with the sale of a used car. He avers that Chrysler violated the TILA because it did not include certain amounts in the finance charges, did not disclose his right of recission, and advised him that it was not required to provide him with insurance. It appears from the complaint that the alleged violations took place when Shareef entered into the sale contract in April of 2014.

The statute of limitations for TILA claims is subject to equitable tolling, *Ramadan*, 156 F.3d at 505. Nothing in Shareef's complaint suggests any grounds for excusing his failure to file his claim within the statute of limitations. Therefore, because Shareef did not file this action until August of 2021, his TILA claims are time-barred.

---

[22] 15 U.S.C. § 1640(e) provides, in pertinent part, as follows:

> Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . . Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought . . . before the end of the 3-year period beginning on the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

15 U.S.C. § 1640(e).

*FCRA Claim*

Furnishers of credit information to consumer reporting agencies cannot be sued by a consumer for reporting inaccurate information. They can only be sued for failing to conduct a reasonable investigation of a dispute regarding the accuracy of information furnished to and reported by a consumer reporting agency.

Creditors have a duty to provide accurate information to consumer reporting agencies. 15 U.S.C. § 1681s-2(a); *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (citation omitted). A creditor may not furnish information that it knows or has reason to know is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A). Enforcement of this provision lies exclusively with certain federal and state officials. *Id.* at § 1681s-2(d). Thus, a consumer cannot bring a private action against a creditor for furnishing inaccurate information under § 1681s-2(a).

Furnishers may be liable to a consumer for failing to conduct a reasonable investigation of the consumer's bona fide dispute regarding the accuracy of the information furnished. *Id.* at §§ 1681i(a)(2), 1681s-2(b); *see SimmsParris*, 652 F.3d at 358–59. Section 1681s-2(b) prescribes a furnisher's duty to investigate the accuracy of information supplied to a consumer reporting agency once it is disputed.

If a furnisher fails to conduct a reasonable investigation in conformity with § 1681s-2(b), the consumer may sue the furnisher for damages caused by the reporting of inaccurate or incomplete information. *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014); 15 U.S.C. §§ 1681n, 1681o.

As a threshold matter, the consumer must establish that the furnished information is inaccurate. *Ostrander v. Trans Union LLC*, No. 20-5227, 2021 WL 3271168, at *11

(E.D. Pa. July 30, 2021) (citations omitted).  Absent an inaccuracy, the consumer cannot "satisfy the statutory requirement of actual damages" or "Article III's requirement of actual damages or concrete harm."[23]  *Id.* (citation omitted); *see also Pittman v. Experian Info. Sols. Inc.*, 901 F.3d 619, 629 (6th Cir. 2018); *Holland v. Trans Union LLC*, No. 21-152, 2021 WL 5804375, at *7 (E.D. Pa. Dec. 7, 2021) ("§ 1681s-2 would be nonsensical if a plaintiff could make a claim against a furnisher that it failed to investigate accurate information.").  If the information is accurate, the furnisher cannot be liable for their failure to investigate or for an inadequate investigation. *See Holland*, 2021 WL 5804375, at *7. Thus, Shareef must show that the furnished information was inaccurate.

To the extent Shareef raises claims against Chrysler as a furnisher of information, he has not identified the accounts in question, described the misleading or inaccurate information in those accounts, or alleged that he filed a dispute about the information to a consumer reporting agency to which the furnisher of information failed to respond.  Nor has he alleged that Chrysler communicated any inaccurate information to a credit reporting agency, that he disputed the information with the credit reporting agency, and that Chrysler failed to reasonably investigate the dispute after having been notified by the credit reporting agency.  *See Pressley v. Cap. One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019).  Thus, Shareef's FCRA claim fails.

---

[23] *See Spokeo Inc. v. Robins,* 578 U.S. 330, 342 (2016) ("[A consumer] cannot satisfy the demands of Article III by alleging a bare procedural violation.  A violation of one of the FCRA's procedural requirements may result in no harm."); *Gagliardi v. Equifax Info. Servs. LLC,* No. 09-1612, 2011 WL 337331, at *12 (W.D. Pa. Feb. 3, 2011) ("A plaintiff cannot obtain an award of 'actual damages' under the FCRA without establishing a causal relationship between a statutory violation and the harm for which redress is sought.") (citations omitted).

7

**Conclusion**

For the foregoing reasons, we shall grant Shareef leave to proceed *in forma pauperis*. We shall dismiss his complaint without prejudice to his right to file an amended complaint within thirty (30) days in the event that he can cure the defects noted above.